IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NOEMI LEBRON-TORRES,<br><br>*Plaintiff,*<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>*Defendant.* | CIVIL ACTION<br>NO. 18-1212 |

**PAPPERT, J.**  June 26, 2020

**MEMORANDUM**

After prevailing in her action seeking remand of her disability claim to the Commissioner of the Social Security Administration, Noemi Lebron-Torres now moves for an award of attorneys' fees and other costs under the Equal Access to Justice Act. After reviewing the parties' briefs and for the reasons that follow, the Court denies the Motion.

I

In October of 2014, Lebron-Torres applied for Disability Insurance Benefits and Supplemental Security Income under the Social Security Act. (Pl.'s Br. 1, ECF No. 11.) After her application was initially denied, she requested and received a hearing before a Social Security administrative law judge. *See* (*id.*) In February of 2017, the ALJ found that Lebron-Torres was not disabled and denied her claim. *See* (*id.*) The Appeals Council denied her request for review in February of 2018, thereby making the ALJ's decision the final decision of the Commissioner. *See* (*id.*) Lebron-Torres thereafter filed this lawsuit. *See* (Application, ECF No. 1).

1

Once in federal court, Lebron-Torres for the first time raised an Appointments Clause challenge and asked that her case be remanded to a different, constitutionally appointed ALJ. *See* (Pl.'s Br. 2–3). Specifically, Lebron-Torres argued that because the ALJ who heard her case had not been properly appointed as an "inferior officer" under the Appointments Clause, she was entitled to a new hearing pursuant to the Supreme Court's decision in *Lucia v. SEC*, 138 S. Ct. 2044 (2018). *See* (Pl.'s Br. 2–3). *Lucia* held that Securities and Exchange Commission ALJs were inferior officers whose appointments must conform to the requirements of the Appointments Clause. *Lucia,* 138 S. Ct. at 2053–55; *see* U.S. Const. art. II, § 2, cl. 2. In *Lucia*, the ALJ who heard the claimant's case was not so appointed, so the claimant was entitled to a new hearing in front of a different and properly appointed ALJ. *See Lucia,* 138 S. Ct. at 2053–55.

Here, the Commissioner did not dispute that the ALJ who heard Lebron-Torres's case was not properly appointed. (Def.'s Resp. 5 n.3, ECF No. 14.) Nonetheless, the Commissioner argued against remand on the basis that Lebron-Torres failed to raise the Appointments Clause issue during the administrative proceedings, such that she forfeited the argument by failing to exhaust it. *See* (*id.* at 4–11).

After the parties filed their briefs but before the Magistrate Judge issued a Report and Recommendation, the Third Circuit Court of Appeals issued its decision in *Cirko ex rel. Cirko v. Commissioner of Social Security*, 948 F.3d 148 (3d Cir. 2020). *Cirko* held that "claimants for Social Security disability benefits [are not required to] exhaust Appointments Clause challenges before the very [ALJs] whose appointments they are challenging." *Id.* at 152. Consistent with *Cirko*'s holding, the Magistrate Judge issued an R&R recommending that the Court remand the case to the

Commissioner for a new hearing before a different, properly appointed ALJ. (ECF No. 20.) The Court adopted the R&R and remanded the case for further proceedings. (Order, ECF No. 27.) Following that remand, Lebron-Torres filed a Motion for Attorneys' Fees under the Equal Access to Justice Act, 28 U.S.C. § 2412. (ECF No. 28.)

II

Congress enacted the EAJA "to remove an obstacle to contesting unreasonable governmental action through litigation posed by the expense involved in securing the vindication of a party's rights in the courts. The EAJA therefore provided for an award of attorney's fees and expenses to parties prevailing against the United States." *Dougherty v. Lehman*, 711 F.2d 555, 562 (3d Cir. 1983) (internal quotation marks omitted). A prevailing party is entitled to attorneys' fees "unless the court finds that the position of the United States was substantially justified." 28 U.S.C. § 2412(d)(1)(A). An agency's position is "substantially justified if it has a reasonable basis in both law and fact." *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 128 (3d Cir. 1993). The Supreme Court has declined to impose a higher standard for substantial justification, such that "substantially justified" does not require the government's position to be "justified to a high degree," but rather only to a "degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). The burden rests on the government to show that its position was substantially justified. *Scarborough v. Principi*, 541 U.S. 401, 414 (2004). To satisfy this burden, the Commissioner must show: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in the law for the theory advanced; and (3) a reasonable connection between the facts alleged and the legal theory advanced. *See Citizens Council of Del. Cty. v. Brinegar*, 741 F.2d

584, 593 (3d Cir. 1984). The government's position under the EAJA includes both its position taken during administrative proceedings and in the litigation that follows. *See Morgan v. Perry*, 142 F.3d 670, 684 (3d Cir. 1998).

### III

#### A

The parties do not contest that Lebron-Torres is the prevailing party. *See Shalala v. Schaefer*, 509 U.S. 292, 301 (1993) (holding that the party is a prevailing one if the court remanded the case pursuant to 42 U.S.C. § 405(g), fourth sentence). Lebron-Torres is thus entitled to attorneys' fees under the EAJA unless the Commissioner's position during the administrative and federal court proceedings was substantially justified.

#### B

The Commissioner asserts that the position taken at the administrative level was substantially justified because (1) Lebron-Torres failed to raise the Appointments Clause challenge during the administrative proceedings, and (2) the Commissioner was not required to raise the issue *sua sponte*. *See* (Def.'s Resp. 4–5). Lebron-Torres, however, contends that the Commissioner's administrative position cannot be substantially justified because "unconstitutional conduct is not justified in the main." (Pl.'s Mot. 2, ECF No. 28.)

The timeline of events at the administrative level helps resolve this issue. Lebron-Torres filed for benefits in October of 2014 and her application was initially denied. *See* (Pl.'s Br. 1). She thereafter requested and received a hearing before an ALJ. *See* (*id.*) In February of 2017, the ALJ issued an unfavorable decision finding

that Lebron-Torres was not disabled.  *See* (*id.*)  The Appeals Council subsequently denied her request for review in February of 2018, thereby making the ALJ's decision the final decision of the Commissioner.  *See* (*id.*)  Lebron-Torres never raised the Appointments Clause issue to either the ALJ or the Appeals Council.

Four months later in June of 2018, the Supreme Court issued its decision in *Lucia*—holding that ALJs at the Securities and Exchange Commission are inferior officers who must be appointed consistent with the Appointments Clause.  *Lucia,* 138 S. Ct. at 2053–55.  This decision was then determined to apply to Social Security ALJs as well, who were appointed pursuant to the Appointments Clause on July 16, 2018.  *See* Soc. Sec. Admin., EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process-Update.

The Commissioner's failure to raise the Appointments Clause issue during Lebron-Torres's administrative proceedings was therefore reasonable because the ALJ and Appeals Council acted before the Supreme Court issued its decision in *Lucia.  See Culclasure v. Comm'r of Soc. Sec.*, 2020 WL 3172860, at *5 (E.D. Pa. June 15, 2020) (citation omitted).  Prior to *Lucia*, the status of Social Security ALJs had not been declared, such that at the time the ALJ heard Lebron-Torres's claim, the Commissioner's position—*i.e.*, proceeding through the administrative process without *sua sponte* raising the Appointments Clause issue—was substantially justified.[1]  *See id.*

---

[1]  Nor did Lebron-Torres prevail in federal court on the issue of whether her constitutional right to a properly appointed ALJ was violated; the sole issue before the Court on which Lebron-Torres prevailed and for which the Court remanded was whether she forfeited her Appointments Clause challenge.  *See Hines v. Comm'r of Soc. Sec.*, 2020 WL 3396801, at *2 (D.N.J. June 18, 2020) (explaining in a case with nearly identical facts that focusing on the Commissioner's administrative

C

The Commissioner's position in the federal court litigation was substantially justified. First, regarding the facts alleged, it is again undisputed that Lebron-Torres failed to raise her Appointments Clause challenge during the administrative proceedings. The Commissioner accordingly had a reasonable basis in fact for asserting that Lebron-Torres forfeited the Appointments Clause issue. *Diaz v. Saul*, 2020 WL 3127941, at *2 (E.D. Pa. June 12, 2020) (finding Commissioner had a factual basis to raise exhaustion defense where plaintiff failed to raise Appointments Clause argument during the Social Security administrative proceedings).

Second, the Commissioner had a reasonable basis in the law for raising the exhaustion defense. At the time the Commissioner filed the Response to Lebron-Torres's request for review, there was no Supreme Court or Third Circuit authority on the issue of whether Appointments Clause arguments were subject to an administrative exhaustion requirement in the Social Security context. In the absence such authority, the Commissioner took the legal position that claimants forfeit their Appointments Clause challenges if they fail to exhaust the issue at the administrative level. *See* (Def.'s Resp. 4–11). This position was by no means "novel"; indeed, many district courts across the country, including within the Third Circuit, previously agreed with the Commissioner that Appointments Clause challenges were subject to exhaustion requirements. *Holmes v. Berryhill*, 2020 WL 2126787, at *2 (E.D. Pa. May 4, 2020) (citing *Muhammad v. Berryhill*, 381 F. Supp. 3d 462 (E.D. Pa. 2019) (Pappert, J.); *Marchant ex rel. A.A.H. v. Berryhill*, 2019 WL 2268982 (E.D. Pa. May 28, 2019); and

---

position was "meaningless" in the "context of this case" because the sole issue on which Plaintiff prevailed was the forfeiture issue pursuant to *Cirko*).

*Sprouse v. Berryhill*, 363 F. Supp. 3d 543 (D.N.J. 2019)).[2]  Based on this widespread support for the Commissioner's pre-*Cirko* legal position, "it cannot be said to have been unreasonable." *Id.* at *2; *see also Dougherty*, 711 F.2d at 566 (finding agency position to be substantially justified where the issue raised a close question of law and at least one other court agreed with the government's position).  The fact that *Cirko* ultimately rejected the Commissioner's position does not compel the conclusion that such a position lacked a reasonable basis in the law.  *See Cortese v. Comm'r of Soc. Sec.*, 2020 WL 2745741, at *1 (E.D. Pa. May 27, 2020) ("Losing a close call on a disputed issue of law does not mean the Commissioner lacked substantial justification for his position and is not the basis for a fee award to a claimant under the Act.").

Finally, the Commissioner has shown a reasonable connection between the facts alleged and the legal theory advanced.  Because Lebron-Torres failed to raise her Appointments Clause challenge during the administrative proceedings, the Commissioner reasonably raised the exhaustion issue before the Court.  The Commissioner has accordingly satisfied the burden of establishing that the

---

[2]  *See also Bonilla-Bukhari v. Berryhill*, 357 F. Supp. 3d 341, 351 (S.D.N.Y. 2019) (concluding that exhaustion of Appointments Clause argument before the ALJ is required); *Allen v. Berryhill*, 2019 WL 1438845, at *13 (N.D. Cal. Mar. 31, 2019) (same).  *But see Culclasure v. Comm'r of Soc. Sec.*, 375 F. Supp. 3d 559, at 572–74 (E.D. Pa. 2019) (concluding claimant need not exhaust Appointments Clause argument at administrative level).

administrative and litigation positions were substantially justified.[3]  Because the Commissioner has done so, the Court denies the Motion for Attorneys' Fees.[4]

An appropriate Order follows.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[3]  Several courts in the Eastern District of Pennsylvania have concluded that the Commissioner's pre-*Cirko* position was substantially justified.  *See, e.g.*, *Marant v. Saul*, 2020 WL 3402416 (E.D. Pa. June 19, 2020); *Hill v. Saul*, 2020 WL 3250484 (E.D. Pa. June 16, 2020); *Diaz v. Saul*, 2020 WL 3127941 (E.D. Pa. June 12, 2020); *Cortese v. Comm'r of Soc. Sec.*, 2020 WL 2745741 (E.D. Pa. May 27, 2020); *Holmes v. Berryhill*, 2020 WL 2126787 (E.D. Pa. May 4, 2020).  *But see Armstrong v. Saul*, --- F. Supp. 3d ---, 2020 WL 3057801 (E.D. Pa. June 9, 2020).

[4]  Lebron-Torres also "merely note[s] that . . .the ALJ's decision on the merits is not substantially justified," such that her Motion for Attorneys' Fees should be granted on this independent basis. (Pl.'s Mot. 3–4, ECF No. 28.)  Because the Court remanded Lebron-Torres's case without deciding the underlying merits of the ALJ's decision, the Court will not consider this argument.  *See Holmes*, 2020 WL 2126787, at *3 n.1.